FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y
★ OCT 14 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DAVID CHO,

Defendant.

08-CR-332

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On April 20, 2009, David Cho was found guilty by jury verdict to Count Two of an eleven-count, superseding indictment, which charged that between 2005 and February 26, 2008, Cho, along with others, defrauded WMC Mortgage, a subsidiary of GE Money Bank, in violation of 18 U.S.C. § 1344. Cho was acquitted of Count One of the superseding indictment. Counts Three through Nine were dismissed. The underlying indictment is dismissed.

Cho was sentenced on September 21, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-three and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between forty-six and fifty-seven months. The base offense level was increased by two points since the defendant abused a position of trust granted by his employment and used a special skill in a manner that significantly facilitated the commission or concealment of the crime. See U.S.S.G. § 3B1.3. The offense carried a maximum term of imprisonment of thirty years. 18 U.S.C. § 1344. The guidelines range of fine was from $10,000 to $1,652,000. U.S.S.G. § 5E1.2(c)(3)-(4). The underlying indictment remains open.

Cho was sentenced to thirty months of imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and likely will not in the future, have assets to pay a fine. Restitution was ordered in the

amount of $826,000, payable at $100 per month, beginning one month after Cho is released from prison, payable to the Clerk of Court, 225 Cadman Plaza East, Brooklyn, New York.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and Booker.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious and caused harm to individuals as well as financial institutions. The defendant appears to be contrite and has a close family relationship to his mother, who was recently diagnosed with a tumor, requiring surgery. A sentence of thirty months reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in bank fraud will result in a substantial prison sentence. Specific deterrence is unnecessary given the defendant's remorse and commitment to leading a law-abiding life in the future. It is unlikely that he will engage in further criminal activity in light of his family circumstances, and acceptance of responsibility and remorse for his actions.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: October 6, 2009
      Brooklyn, New York

3